```
                  UNITED STATES DISTRICT COURT

                  MIDDLE DISTRICT OF LOUISIANA


RICHARD NORMAN
                                        CIVIL ACTION
VERSUS
                                        NUMBER 14-367-JWD-SCR
H & E EQUIPMENT SERVICES, INC.,
ET AL.
```

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 9, 2014.

*[signature: Stephen C. Riedlinger]*

```
                         STEPHEN C. RIEDLINGER
                         UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD NORMAN

VERSUS

H & E EQUIPMENT SERVICES, INC.,
ET AL.

CIVIL ACTION

NUMBER 14-367-JWD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is Plaintiff's Motion to Remand filed by Richard Norman. Record document number 9 and 10.[1] The motion is opposed.[2]

For the reasons which follow, the Plaintiff's Motion to Remand should be denied.

**Background**

Plaintiff filed a Petition for Damages in state court seeking damages for injuries suffered on September 6, 2013 when a crane's jib allegedly malfunctioned and pinned the plaintiff against the crane. Plaintiff named as one of the defendant H & E Equipment Services, Inc. (hereafter, "H & E") a Delaware corporation with its principal place of business in Louisiana, and alleged H & E sold and/or leased and/or maintained the crane at issue. Plaintiff

---

[1] Both motions and supporting memoranda are the same. Record document number 10 includes the plaintiff's Exhibit A, which is the Petition for Damages filed in the state court.

[2] Record document number 12.

alleged various negligent and grossly negligent acts collectively against all of the defendants: failure to inspect, maintain, and repair the crane; failure to warn of the crane's hazardous condition; failure to train and/or supervise their employees; failure to comply with applicable safety standards and OSHA regulations; and defectively designing and/or manufacturing the crane.[3]

Defendant E. I. du Pont de Nemours and Company removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the citizenship of the H & E should be ignored because it was improperly joined.[4] Thus, du Pont argued, 28 U.S.C. § 1441(b), which prohibits removal of an action with a defendant who is a citizen of the state in which the action is brought, is not applicable in this case. Defendant du Pont argued that the plaintiff's conclusory and non-specific allegations concerning H & E's negligence fail to demonstrate any reasonable basis for recovery from H & E under Louisiana law.

Plaintiff moved to remand, arguing that H & E was not

---

[3] Record document number 1-9. Exhibit H-1, Petition for Damages, ¶ 9.

[4] See, record document number 1, Notice of Removal, ¶ 8. Defendant du Pont alleged diversity citizenship as follows: (1) plaintiff is a citizen of Texas; (2) du Pont is incorporated and has its principal place of business in Delaware; and (3) Manitowoc is a limited liability company whose sole member is an limited liability company whose sole member is a corporation which is incorporated and has its principal place of business in Wisconsin.

improperly joined and du Pont cannot show that there is no possibility of establishing a cause of action against it.  In support of his argument, the plaintiff asserted that he sufficiently alleged that H & E was negligent and grossly negligent in conducting maintenance and inspection on the subject crane for the years prior to the date of the accident.  Plaintiff argued that H & E was contracted to inspect and maintain the crane prior to the accident and that its action or inaction was a proximate cause of the plaintiff's injuries.  Plaintiff asserted in his supporting memorandum that H & E had actual contact with the subject crane before it failed.  Plaintiff argued that the evidence produced by the defendant only establishes that H & E did not inspect or maintain the crane during the three months prior to the accident and that this fact alone does not negate a plausible claim based on H & E's negligence.

## Applicable Law

When jurisdiction is based on diversity of citizenship, the action is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  In this case, the removing party alleged that in-state defendant H & E has been improperly joined.

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was

3

improper.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005).  Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case.  *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Id*., *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant.  Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).  The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry.  *Id*.  In resolving questions of improper joinder, all disputed questions of

fact and ambiguities in the controlling state law are resolved in favor of the non-removing party.  *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

## Analysis

Defendant du Pont has shown that there is no reasonable basis on which to predict that the plaintiff can recover against H & E under Louisiana law.  Defendant submitted evidence to show that (1) H & E did not sell or lease the crane, (2) H & E's maintenance and inspection services for the crane ended on May 31, 2013, and (3) Kellogg, Brown, & Root, LLC was responsible for the maintenance and inspection services of the crane since June 1, 2013.[5]  Plaintiff did not dispute the fact that H & E did not sell or lease the crane.  Plaintiff argued that H & E's liability is based on its past inspection and maintenance obligations.  But the plaintiff did not offer any evidence of a specific action or inaction committed by H & E that caused his accident.  The petition is devoid of any specific factual allegations, which if true, would show that H & E could be liable for a crane malfunction after its contract ended and after another company had performed the monthly maintenance and inspection service for the three months leading up to the accident.

---

[5] Record document number 1-5, Exhibit E, Affidavit of Barbara Flynn; record document number 1-6, Exhibit F, Affidavit of Alex Ator; and record document number 1-7, Exhibit G, affidavit of Jeff Harrington.

"A complaint must fail if it offers only naked assertions devoid of further factual enhancement." *Doe v. Robinson*, 751 F.3d 383, 387 (5th Cir. 2014)(internal quotations and citations omitted). Plaintiff's vague and conclusory allegations of negligence, without any facts describing a specific act, a failure to act, or an event that occurred during H & E's service period, does not provide a sufficient factual basis to state a claim against H & E.  Indeed, the plaintiff's allegations, as to defendant H & E at least, are no more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement"; they are thus insufficient to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)(internal quotations and citations omitted).

Defendant du Pont has demonstrated that there is no reasonable basis for this court to predict that the plaintiff might be able to recover against H & E under Louisiana law.  Because the Louisiana defendant was improperly joined, its citizenship is disregarded. Since there is complete diversity of citizenship between the plaintiff and the other defendants, and no properly joined defendant is a citizen of Louisiana, the court may exercise diversity jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the

Plaintiff's Motion to Remand filed by Richard Norman be denied.

Baton Rouge, Louisiana, September 9, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE